**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4005**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DARRELL L. WITHERSPOON,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00355-WO-1)

Submitted:  June 24, 2013              Decided:  July 31, 2013

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, Acting United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Witherspoon appeals from the sixty-month sentence imposed upon revocation of his supervised release. He contends that this sentence — which was the result of an upward variance from the six-to-twelve-month policy statement range — was plainly unreasonable. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). First we consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than undertaken for the reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). If we find the sentence procedurally or substantively unreasonable, we must then decide whether it is "plainly" so. Id. at 657.

The district court correctly calculated and considered Witherspoon's advisory policy statement range, considered the relevant factors, gave notice that it was considering an upward variance sentence, gave the parties an opportunity to present argument, and provided Witherspoon with an opportunity to allocute. The sentence was therefore procedurally reasonable.

2

The court also sufficiently explained its reasons for not imposing a sentence within the policy statement range and stated a proper basis for the upward variance sentence. We conclude that the sixty-month revocation sentence is not plainly unreasonable.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED